FRANKLIN MOTOR COMPANY, Appellant, v. F. J. ALBER, County Auditor, et al., Appellees.

**TAXATION:** Assessment—Erroneous Listing—Waiver. An assessment and levy thereon which has stood unchallenged for some 15 months will not be enjoined and corrected on the plea that the owner, in listing the property, mistakenly listed *more* property than he actually owned.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

JUNE 22, 1923.

THIS proceeding is in the nature of an appeal from the ruling of the county auditor of Polk County, denying the application of the Franklin Motor Company for a correction of an alleged error in the assessment of personal property for the purposes of taxation.—*Affirmed.*

*Brockett, Strauss & Blake,* for appellant.

*George F. Henry,* for appellees.

WEAVER, J.—On January 22, 1919, the Franklin Motor Company, being called upon by the assessor for the return of a list of its personal property subject to assessment for taxation in the city of Des Moines, made and returned a list, as follows:

| | |
|---|---:|
| Furniture and Fixtures | $   800.00 |
| Merchandise | $49,583.00 |
| Notes | $ 6,700.00 |
| Money | $ 1,147.00 |
| Book Accounts | $ 2,371.00 |

Debits
By Accounts and Bills Payable        $46,813.00

On February 27, 1920, 13 months after said listing and assessments were made, the motor company made written appli-

cation to the county auditor, stating that a mistake had been made in such assessment, in that it included property which did not, in fact, belong to the applicant, and was not taxable to it. The application was denied, and on March 2, 1920, the motor company filed its petition in equity in the district court, reciting the alleged mistake in assessment, and the refusal of its petition to the county auditor for its correction. On this showing, an injunction was asked, restraining all further proceedings to enforce collection of the tax levied upon said assessment. It was also asked that the appeal taken from the auditor's ruling and the hearing upon the equitable issue be consolidated and tried together, and that the alleged illegal assessment be corrected. The defendants' answer admits the making of the assessment now alleged to be erroneous, but denies the alleged mistake. It is further pleaded that the company voluntarily listed its said property as stated, and failed and neglected to make known its objections, if any it had, to the board of equalization, as provided by statute, and is, therefore, not entitled to equitable relief. On trial to the court, the evidence was in part stipulated, as follows:

"Stipulation.

"It is hereby stipulated between the parties hereto that No. 31568 Equity, being what is known as the appeal of the Franklin Motor Company from the action of the county auditor with respect to the assessments of the property of the said company for the year 1919, shall be consolidated for the purpose of trial and disposition thereof with the case entitled 'Franklin Motor Company, Plaintiff, v. J. F. Alber, W. M. Hammill, Treasurer, and Polk County, in No. 31569 Equity.' It is further stipulated that the return of the personal property of the Franklin Motor Company of its property assessable for taxation for the year 1919, referred to in Paragraph 3 of the petition in Equity Case No. 31569, was voluntarily made, pursuant to the request of the assessor of the city of Des Moines, or his assistant. It is further agreed that, following said assessment, and in due course as provided by law, taxes upon said property were thereafter duly levied, in accordance with said assessment; that the defendant county incurred debts and made estimates of its finan-

cial condition, and paid out money on the strength of the inclusion of the property of the plaintiff in the taxable property of the county in accordance with the said statement made to the assessor, as hereinbefore recited.''

In addition to the matters stipulated, the company's officer who gave in the assessment testified, in substance, that, included in the item of merchandise so listed, were a number of motor cars and trucks which the company had previously ordered, but which were still in storage in warehouses in the city, and had not then been delivered; and that, if said assessment list were diminished by the value of the undelivered property and by the item of furniture and fixtures, the net taxable sum remaining would be reduced to $9,993.60. The trial court considered both phases of the litigation, the appeal taken from the auditor's ruling and the equitable issue, and the same were ordered dismissed.

I.   It is not denied by the appellant that for the correction of a mere irregularity in an assessment or of a mere over-valuation, the statutory remedy afforded by appeal to the board of equalization is exclusive; but it is argued that this rule is not applicable in the case of an illegal and void assessment or tax, and that relief therefrom by injunction will be granted. To this statement of the law there can, perhaps, be no just objection; but the vital question before us is whether, admitting the legal proposition, appellant makes any case for its application.

It stands admitted that, being duly called upon to list its personal property subject to taxation, the plaintiff voluntarily listed each and all of the several items. This list was accepted and acted upon as correct by the assessor and by the board of equalization, without objection, protest, or appeal by the plaintiff. Taxes for the current year were levied thereon, and more than a year had elapsed when plaintiff first discovered the alleged mistake,—not the mistake of the assessor or of the board of equalization or of the officers levying the taxes, but its own, in having given in for taxation more than the law required at its hands. To hold that an assessment so made is illegal and void and subject to be enjoined would seem to involve a manifest absurdity. It has no parallel in a case where an assessment

is arbitrarily made, without the knowledge or consent of the alleged property owner. While the assessor is charged with the duty to discover and list for taxation all taxable property within his district, the statute clearly contemplates that the property owner is charged with a corresponding duty to "list for the assessor all property subject to taxation in the state, of which he is the owner, or has the control." Section 1312, Code Supplement, 1913. See, also, Section 1313, Code, 1897. And when the assessor in this instance called upon appellant's agent for this purpose, and the latter voluntarily made and delivered the list, the assessor, as well as the board of equalization, was justified in accepting the list so made and making the assessment accordingly. Surely it cannot be said that these officials had no jurisdiction or authority to treat the list so made as a verity. It is to be noted that the list as made by the plaintiff did not specify what items were included under the general designation of "merchandise" or "furniture and fixtures;" and, no claim of exemption or nonownership being made, it was no part of the business of the assessor or board to dissect these terms, to ascertain whether, by any mistake of law or fact, they included any property on which the owner was not liable to taxation. Assuming, then, for the purposes of this case, that the agent was not fully advised as to the taxable character of the property, and mistakenly lumped the value of cars and trucks in the general list of "merchandise," we are still abidingly convinced that such error of judgment on his part did not render the assessment illegal or void. It was, at most, an irregularity or overvaluation of the appellant's property; and after it had acquiesced therein, without protest or appeal, the prayer for equitable relief was properly denied. Indeed, the irregularity or mistake, if any there was, is chargeable wholly to the plaintiff itself, and there is nothing unjust or inequitable in denying its demand that the court relieve it from the consequences.

II. The foregoing sufficiently justifies the decree appealed from. There are still other features of the case rendering it by no means certain that, upon any sustainable theory of the facts, there was any material mistake in the assessment; but the conclusion above stated makes necessary an affirmance, and further discussion may be omitted.

The decree of the district court is—*Affirmed.*

PRESTON, C. J., STEVENS and FAVILLE, JJ., concur.

DE GRAFF, J., takes no part.